UNITED STATES, Appellee

v

JOHNNY A. ESTEP, Staff Sergeant,
U. S. Army, Appellant

19 USCMA 201, 41 CMR 201

No. 22,260

January 30, 1970

*Captain Bernard J. Casey* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Colonel Martin S. Drucker,* and *Captain Thomas R. Maher.*

*Captain Larry S. Seuferer* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Major R. Kevin McHugh.*

### Opinion of the Court

QUINN, Chief Judge:

This case brings up for review the correctness of the admission in evidence of pretrial statements by the accused to a criminal investigator.

A young boy was killed by a hit-and-

run driver on the night of August 18, 1967, in Saigon, Republic of Vietnam. Investigation implicated the accused. Some hours after the incident, Tommie McMoore, a Criminal Investigations Detachment agent, escorted the accused to the Military Police office to question him about the incident. When advised he was a suspect in the case and that he had a right to counsel, the accused indicated he wanted to "consult with legal counsel." The accused was released. On August 23, McMoore's partner, Chief Warrant Officer Edward R. Black, saw the accused at Tan Son Nhut. He identified himself as a Criminal Investigations Detachment agent, and asked the accused if he had consulted a lawyer. The accused said that he had. Black asked the accused to come to his office the next day.

As requested, the accused appeared at Black's office. Before any conversation, Black again informed the accused he was a suspect in the case and he advised the accused of his right to remain silent and the right to have counsel present at the interview. The accused told Black he had talked to his lawyer and had been advised "not to make any statement but that he still wanted to talk." Black advised the accused that any time he wanted "to cease talking" he could, and he, Black, would "stop" the interview. The accused indicated he "understood his rights" and that it was "all right" for Black "to continue with the interview." They talked for about an hour. Various statements made by the accused in the course of this conversation were admitted in evidence at trial, without objection by defense counsel and in accordance with a previous representation to the law officer in an out-of-court hearing to the effect that the defense consented to admission of the testimony in open court without the usual "predicate" for statements obtained during custodial interrogation, as propounded in Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966), and United States v Tempia, 16 USCMA 629, 37 CMR 249.

Relying partly upon a passage in the Manual for Courts-Martial defining the obligation of trial counsel to deal with

the accused "through any counsel the accused may have," appellate defense counsel contend that Chief Warrant Officer Black should have notified the accused's counsel of the scheduled interview. Manuals for Courts-Martial, United States, 1951, and 1969 (Revised edition), paragraph 44h. Whether this provision applies to persons other than trial counsel has been the subject of a difference of opinion among service boards of review. It has been applied to a criminal investigator interrogating an accused both before referral of the charges to trial and during trial. United States v Mason, 29 CMR 599; United States v Grant, 26 CMR 692, 696. But, it has also been held that the provision does not govern "the conduct of investigators" so that an investigator having knowledge of accused's representation by counsel has no obligation to notify counsel he proposes to interview the accused. United States v Bostic, 35 CMR 511, 519. See also United States v Bollons, 17 USCMA 253, 38 CMR 51.

Significant differences exist between formal proceedings, in which counsel has entered an appearance for the accused, and the informal, transient procedures of an investigation, at which the accused may or may not desire to have counsel present. For the purpose of this appeal, we need not determine whether these differences support different requirements for notice; neither need we define the scope of the Manual provision. We may assume that when an accused has asserted the right to counsel at a custodial interrogation and the criminal investigator thereafter learns that the accused has obtained counsel for that purpose, he should deal directly with counsel, not the accused, in respect to interrogation, just as trial counsel deals with defense counsel, not the accused, after the charges are referred to trial. See United States v Ross, 19 USCMA 51, 41 CMR 51. The failure to deal directly with defense counsel is not, however, reversible error *per se;* the omission is not fatal to the particular proceeding if there is no fair risk of prejudice to the accused. United States v Ross, supra; cf. United States

v DeLauder, 8 USCMA 656, 25 CMR 160.

An accused at trial is entitled to counsel, but he can consent to proceed without one. United States ▮▮▮▮▮ ▮ v Kraskouskas, 9 USCMA 607, 610, 26 CMR 387; United States v Howell, 11 USCMA 712, 29 CMR 528. The same principle of voluntary consent to the absence of counsel applies in connection with proceedings before trial. The accused can waive the presence of counsel at an Article 32 investigation. United States v Rhoden, 1 USCMA 193, 2 CMR 99. He can waive his right to counsel at an identification lineup. United States v Wade, 388 US 218, 237, 18 L Ed 2d 1149, 87 S Ct 1926 (1967). He can also waive his right to the presence of counsel at a station house interrogation. United States v Vogel, 18 USCMA 160, 163, 39 CMR 160; United States v Rogers, 14 USCMA 570, 583, 34 CMR 350.

Here, the evidence demonstrates that Chief Warrant Officer Black, preliminary to any conversation ▮▮▮▮▮ ▮ with the accused, fully informed him of the right to remain silent and the right to the presence of counsel at the interview. Black's advice complied with the requirements of threshold advice for a custodial interrogation. United States v Tempia, supra. The evidence further demonstrates that the accused told Black he had consulted with his lawyer and had been instructed not to make any statement, "but that he still wanted to talk." Consequently, even if we assume it was error for Black to fail to notify counsel that he proposed to re-interview the accused, it is manifest that the accused knew of his right to the presence of counsel and consented to proceed without counsel contrary to his lawyer's advice. United States v Rogers, supra. The accused's consent nullified Black's error. United States v Ross, supra. See United States v Goldman, 18 USCMA 389, 394, 40 CMR 101; United States v Melville, 8 USCMA 597, 25 CMR 101.

The decision of the board of review is affirmed.

Judge DARDEN concurs.

Judge FERGUSON concurs in the result.