**UNITED STATES, Appellee,**

v.

**James E. McOMBER, Airman, U. S. Air Force, Appellant.**

**No. 30,817.**

U. S. Court of Military Appeals.

April 2, 1976.

*Major Bruce R. Houston* argued the cause for Appellant, Accused. With him on the brief was *Colonel Jerry E. Conner.*

*Captain Rex L. Fuller, III,* argued the cause for Appellee, United States. With him on the brief were *Colonel C. F. Bennett* and *Colonel Julius C. Ullerich, Jr.*

## OPINION OF THE COURT

FLETCHER, Chief Judge:

After the initial questioning of the accused at his residence implicated him in the theft of a tape deck, he was taken to the security police office at Dover Air Force Base, Delaware, where Agent Caloway re-advised him of the nature of the suspected offense, his right to remain silent, and his rights concerning counsel. Article 31(b), Uniform Code of Military Justice, 10 U.S.C. § 831(b); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *United*

*States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967). The accused immediately requested counsel whereupon Agent Caloway terminated the interview after providing the name and telephone number of the area defense counsel.

Almost 2 months after the accused's attorney had contacted Agent Caloway to discuss the case, the investigator again interviewed the accused concerning nine related larceny offenses including the tape deck incident. Not only was the accused's counsel not present during the questioning, but also Agent Caloway admitted that he did not contact Airman McOmber's attorney before proceeding. The investigator stressed, however, that he had rewarned the accused of his rights to counsel and to remain silent, both of which Airman McOmber waived. A written statement which was the product of the interrogation was later admitted into evidence over defense objection during the accused's trial to establish a charge alleging larceny of the tape deck.

As he did below, the appellant contends that the second interrogation infringed upon his Sixth Amendment right to counsel in that Agent Caloway proceeded with the interview without first notifying his attorney and affording him an opportunity to be present. *United States v. Johnson*, 20 U.S. C.M.A. 320, 43 C.M.R. 160 (1971); *United States v. Flack*, 20 U.S.C.M.A. 201, 43 C.M.R. 41 (1970); *United States v. Estep*, 19 U.S.C.M.A. 201, 41 C.M.R. 201 (1970).

In response, the Government acknowledges "that where a criminal investigator knows of [an accused's] exercise of [his] right to counsel in defense of criminal charges, he should deal directly with counsel, not the accused, on the same basis applicable to trial counsel under paragraph 44*h*, Manual for Courts-Martial, United States, 1969 (Rev.)." [1] In addition, government counsel concede that any other approach could all too easily deprive the accused of

---

1. In pertinent part, paragraph 44*h*, Manual for Courts-Martial, United States, 1969 (Rev.), provides: "[The trial counsel's] dealings with the defense should be through any counsel the accused may have."

his Sixth Amendment rights as enunciated in *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

Despite its agreement with the defense that Agent Caloway was in error by continuing as he did with the second interrogation without first notifying the accused's counsel, the Government nevertheless relies upon our holdings in *Johnson, Flack,* and *Estep* in suggesting that Airman McOmber was not prejudiced by the investigator's course of action since the accused voluntarily waived his counsel's presence before the second interview proceeded.

Both *Estep* and *Flack* arguably left some question as to whether an investigator could continue to deal directly with a suspect once on notice that he was represented by counsel. In affirming *Estep*'s conviction, the Court[2]

assume[d] that when an accused has asserted the right to counsel at a custodial interrogation and the criminal investigator thereafter learns that the accused has obtained counsel for that purpose, he should deal directly with counsel, not the accused, in respect to interrogation, just as trial counsel deals with defense counsel, not the accused, after the charges are referred to trial.

Yet, the Court went on to hold that since Estep advised the investigator that he "had been instructed [by his attorney] not to make any statement, 'but that he still wanted to talk' . . . [t]he accused's consent nullified . . . [the investigator's] error." 19 U.S.C.M.A. at 203, 41 C.M.R. at 203 (emphasis added).

Much the same approach was taken in *Flack* over a vigorous dissent by Judge Ferguson. Then, in *Johnson*, Judge Ferguson expressly condemned such interrogation methods stating: "Once counsel has entered the case, he is in charge of the proceedings and all dealings with the accused should be through him." 20 U.S.C.M.A. at 325, 43 C.M.R. at 165. With then Chief Judge Quinn concurring in the result reached in the principal opinion, Judge Darden dissented adhering to the views expressed in *Flack.*

Although the question presented has certain constitutional overtones, our disposition of the matter on statutory grounds makes it unnecessary to resolve the Sixth Amendment claim. *See Coughlan v. United States*, 391 F.2d 371, 372 (9th Cir. 1968) (dissenting opinion); *Mathies v. United States*, 126 U.S.App.D.C. 98, 374 F.2d 312, 316 (1967); *cf. Massiah v. United States, supra; Miranda v. Arizona, supra*, 384 U.S. at 465 n. 35, 86 S.Ct. 1602; *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

Succinctly stated, the concern is whether an attorney once appointed or retained to represent a military suspect must first be contacted by investigators who have notice of such representation when they wish to question the suspect. No decision of which we are aware has condoned such a surreptitious interrogation technique which plainly seeks to deprive an individual of the effective assistance of counsel. *Compare Coughlan v. United States, supra,* and *Mathies v. United States, supra, with United States v. Cobbs,* 481 F.2d 196 (3d Cir. 1973), *cert. denied,* 414 U.S. 980, 94 S.Ct. 298, 38 L.Ed.2d 224 (1973), and *Reinke v. United States,* 405 F.2d 228 (9th Cir. 1968). We will not be the first. Indeed, our prior decisions make it abundantly clear that this Court's leanings for at least the last 5 years have been squarely in the opposite direction. What the present case evidences, however, is a continuing reluctance to abide by previous guidance absent the implementation of a judicial sanction to retard future violations.

The test for prejudice formerly employed in resolving this issue apparently has encouraged infractions rather than diminishing them. Under our prior case law, an investigator's minimum responsibilities in questioning a suspect with or without an attorney were identical. In both instances, a *Miranda-Tempia* warning coupled with advice concerning Article 31 of the Uniform Code was sufficient to avoid unfortunate

---

**2.** *United States v. Estep,* 19 U.S.C.M.A. 201, 202, 41 C.M.R. 201, 202 (1970).

judicial consequences absent a showing of coercion. Thus, the incentive to alter interrogation methods for individuals known to be represented by counsel was nonexistent.

If the right to counsel is to retain any vitality, the focus in testing for prejudice must be readjusted where an investigator questions an accused known to be represented by counsel. We therefore hold that once an investigator is on notice that an attorney has undertaken to represent an individual in a military criminal investigation, further questioning of the accused without affording counsel reasonable opportunity to be present renders any statement obtained involuntary under Article 31(d) of the Uniform Code. This includes questioning with regard to the accused's future desires with respect to counsel as well as his right to remain silent, for a lawyer's counseling on these two matters in many instances may be the most important advice ever given his client. To permit an investigator, through whatever device, to persuade the accused to forfeit the assistance of his appointed attorney outside the presence of counsel would utterly defeat the congressional purpose of assuring military defendants effective legal representation without expense. Article 27, Uniform Code of Military Justice, 10 U.S.C. § 827.

Satisfied, as we are, that the Government has had ample notice of the standard of conduct announced and, indeed, has conceded its applicability to the appellant's case, we conclude that relief under the test for prejudice formulated herein is warranted. *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Johnson v. New Jersey*, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The trial judge erred in admitting appellant's confession into evidence over timely objection.

The decision of the United States Air Force Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the Court of Military Review for action not inconsistent with this opinion.

Senior Judge FERGUSON concurs.

COOK, Judge (concurring):

The incongruity of attempting, on the one hand, to assure an accused of the effective assistance of counsel, and, on the other, to sanction a critical confrontation between the accused and enforcement agents without the knowledge and consent of counsel already representing him has troubled the Federal civilian courts, as well as the military courts. Quite generally, the civilian courts have acknowledged that the practice of interrogation without counsel presents a risk of "significant erosion" of the attorney-client relationship, and "seriously jeopardize[s]" counsel's ability to provide the accused with effective assistance, but they have allowed it as "technically permissible." *United States v. Cobbs*, 481 F.2d 196, 200 (3rd Cir. 1973), *cert. denied*, 414 U.S. 980, 94 S.Ct. 298, 38 L.Ed.2d 224 (1973). *See also Moore v. Wolff*, 495 F.2d 35 (8th Cir. 1974). As the principal opinion observes, however, our cases have leaned "squarely in the opposite direction." It may, indeed, be time to prescribe the strong medicine of explicit disapproval.

I recognize that a requirement that interrogation of an accused known to have counsel representing him should not proceed "without affording counsel reasonable opportunity to be present" raises a number of questions. For example, how much advance notice must be given to counsel of the time and place of the interview; can counsel object to the time and place of a proposed interrogation, and, if he can, who can settle the dispute between counsel and the agent as to what is a proper place and proper time. Only experience with the new rule will indicate whether the problems I perceive are real or merely fanciful. For the present, I believe it sufficient to rely upon the good sense and professional standards of both counsel and enforcement agents to make the rule viable.