UNITED STATES, Appellee,

v.

Private (E–1) William L. McDONALD, SSN 216–50–4665, United States Army, Appellant.

CM 435627.

U. S. Army Court of Military Review.

26 July 1977.

Captain James Recasner, JAGC, argued the cause for appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain Buren R. Shields, III, JAGC.

Captain Denis L. Durkin, JAGC, argued the cause for appellee. With him on the brief were Major John T. Sherwood, Jr., JAGC, and Captain Gary F. Thorne, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of falsely altering a government check, making a false claim against the Government, and stealing the money obtained thereby in violation of Articles 134, 132 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 934, 932 and 921. He was acquitted of an unrelated offense of selling marihuana.

■ We are reviewing this case pursuant to Article 66, UCMJ. The appellant contends that the testimony of a secret service agent and the handwriting exemplars taken by him were inadmissible because appellant's attorney was not contacted before the agent interrogated him. Appellant was in the stockade for a drug offense (selling marihuana) at the time. Charges had been preferred and counsel had been appointed. A few days after appellant was placed in confinement a secret service agent contacted the local Criminal Investigations Detachment which was handling the drug case, and asked to interview the appellant. The record is not clear as to the extent of the conversation between the agent and the CID but we are safe in assuming that the agent at the very least told the military authorities that he wanted to speak with appellant in conjunction with a Treasury Department investigation. The CID arranged the interview. The appellant's military counsel was not notified. Appellant gave the incriminating handwriting exemplars to the agent, after being warned of his right against self-incrimination and right to counsel.

In *United States v. McOmber,* 1 M.J. 380 (1976), the Court of Military Appeals held that:

". . . once an investigator is on notice that at attorney has undertaken to represent an individual in a military criminal investigation, further questioning of the accused without affording counsel reasonable opportunity to be present renders any statement obtained involuntary under Article 31(d) of the Uniform Code. This includes questioning with regard to the accused's future desires with respect to counsel as well as his right to remain silent, for a lawyer's counseling on these two matters in many instances may be the most important advice ever given his client. To permit an investigator, through whatever device, to persuade the accused to forfeit the assistance of his appointed attorney outside the presence of counsel would utterly defeat the congressional purpose of assuring military defendants effective legal representation without expense. Article 27, Uniform Code of Military Justice, 10 USC § 827."

That case involved the interview by a CID agent of an accused on larceny charges without contacting accused's counsel, even though the agent knew from his conduct of the investigation of other related larceny charges that accused had appointed counsel. The appellant asks that we extend the holding of *McOmber* to the instant case which involves an unrelated inquiry by a non-military investigator who was not acting on behalf of the military and who did not know that appellant had counsel. This we decline to do.

Although the Court of Military Appeals chose to base its *McOmber* decision on Article 31, UCMJ, rather than on the sixth amendment, the genesis of its decision was *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). There the Supreme Court held that a defendant was denied his sixth amendment right when an incriminating statement, obtained by federal agents after the defendant had been indicted and in the absence of his counsel, was used against him.[1] In *Massiah*

---

1. The recent Supreme Court case of *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), is to the same effect.

the agents continued their investigation and elicited the incriminating statements, knowing the defendant had counsel but not calling him.

In this case the secret service agent was investigating the alteration of appellant's Army paycheck. The impetus for the investigation had come routinely through Treasury Department channels. The Army was not conducting a parallel investigation and apparently knew nothing of the Treasury's investigation which in no way related to the pending drug charge.

We are unwilling to adopt a rule which would be so broad as to make military authorities the guarantor of an accused's counsel rights for any inquiry by any investigative agency once the military authorities are on notice that an accused has counsel. Accordingly, we hold that the handwriting exemplars and the testimony of the secret service agent were admissible. Neither the sixth amendment nor Article 31, UCMJ, required the CID or military police, although presumably knowing that the accused had counsel in a military investigation, to notify that counsel and prevent questioning by the independent, non-military investigator, who was not acting on behalf of the military, not conducting a related investigation, and not aware that the appellant had counsel.[2]

■ Two other matters warrant discussion. First, the specification alleging making a false claim does not follow model specification No. 114, Appendix 6, Manual for Courts-Martial, United States, 1969 (Revised edition), in that it fails to allege that the claim was false and fraudulent in a particular amount and in a particular way. It does, however, sufficiently describe the claim and allege that appellant knew it was false and fraudulent. This meets the test

by which specifications are measured because the appellant is apprised of the offense with which he is charged and is protected from a second trial for the same offense. *United States v. Field*, 3 U.S.C.M.A. 182, 11 C.M.R. 182 (1953); *United States v. Westergren*, 14 C.M.R. 560, 586 (A.F.B.R.1953). If the appellant desired that the specification be made more particular, he should have raised the matter at trial. Paragraph 69*b*, MCM, 1969 (Rev. ed.); *United States v. Steele*, 2 U.S.C.M.A. 379, 9 C.M.R. 9 (1953).

■ The second matter concerns appellant's request for enlisted members on the court and his subsequent request for trial by judge alone. The military judge fully explained to the appellant his trial options. Appellant's written request for trial by judge alone effectively withdrew his prior written request for trial before a court which included enlisted members. *Cf. United ed States v. Stipe*, 23 U.S.C.M.A. 11, 48 C.M.R. 267 (1974). The court-martial was properly constituted and had jurisdiction.

The findings of guilty and sentence are affirmed.

Judge FULTON and Judge FELDER concur.

---

2. We find this case somewhat analogous to the case of *Michigan v. Mosley*, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), wherein a subsequent interrogation by a different investigator on an unrelated offense and after proper warnings was held not to be a violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The inculpatory statement on the unrelated offense, taken two hours after the defendant had asserted his right to remain silent, was held to be admissible under the principles of *Miranda*.