UNITED STATES, Appellee,

v.

Private First Class Cedric BARNES, SSN 386–60–8218, United States Army, Appellant.

CM 444192.

U.S. Army Court of Military Review.

30 Jan. 1985.

Major Lawrence F. Klar, JAGC, Major Edwin D. Selby, JAGC, Captain Gunther O. Carrle, JAGC, and Captain Peter D.P. Vint, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Thomas E. Booth, JAGC, and Major Richard A. Gallivan, JAGC USAR, were on the pleadings for appellee.

Before SUTER, YAWN and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

YAWN, Senior Judge:

Contrary to his pleas, appellant was convicted of raping, sodomizing, and kidnapping a female soldier, violations of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, and 934 (1982), respectively. He was sentenced to reduction to the grade of Private E-1, confinement at hard labor for life, and a dishonorable discharge. The sentence was approved by the convening authority. The issue before us is whether appellant was "interrogated" in violation of Article 31, UCMJ, 10 U.S.C. § 831 (1982), and the standards set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

In this case, after the victim identified appellant in a line-up, a criminal investigator began questioning appellant about the alleged offenses. Appellant invoked his rights under *Miranda*. The next day, while being administratively processed for pretrial confinement, appellant, who was in custody in his unit orderly room, approached his first sergeant and asked to speak with him. The first sergeant, who had been briefed on the investigation, cleared his office and told appellant such a conversation might be detrimental to appellant's case. Appellant then stated, "Well, First Sergeant, I think they have me coming and going," or words to that effect. The Government was allowed to introduce this statement at trial. More conversation followed but was suppressed by the military judge. With respect to the first statement, the military judge held that, even though the first sergeant knew appellant was about to discuss his offense, the first sergeant was "under no duty ... to stop the accused and say, 'No, don't tell me a word. Go away!'"

Appellant contends the military judge erred by not suppressing the first statement since the first sergeant knew appellant wanted to talk about his offenses. Appellant argues that given such knowledge the first sergeant was obliged to advise appellant of his rights under Article 31, UCMJ, and to notify appellant's attorney before allowing the conversation to begin. We disagree.

It is axiomatic that a military accused suspected of committing an offense may not be questioned about that offense without first being informed of his Article 31 rights. He must also be advised of his right to consult with an attorney, *Miranda*, 384 U.S. at 471, 86 S.Ct. at 1626; *United States v. Tempia*, 16 U.S.C.M.A. 629, 37 C.M.R. 149 (1967), and if he asks to speak to an attorney, interrogation must cease until one is present. *Miranda*, 384 U.S. at 474, 86 S.Ct. at 1628. If an accused has a lawyer, and this is known or should be known by the interrogator, the lawyer must be notified and given an opportunity to be present before interrogation may begin. Mil.R.Evid. 305(e); *United States v. McOmber*, 1 M.J. 380 (CMA 1976). Statements elicited in violation of these rules are subject to the exclusionary rule. *See Miranda*, 384 U.S. at 479, 86 S.Ct. at 1630; Mil.R.Evid. 304. For purposes of applying Article 31, UCMJ, and *Miranda*, "interrogation" is defined as "any formal or informal questioning in which an incriminating response either is sought or is a reasonable consequence of such questioning." Mil.R.Evid. 305(b)(2). Actions or conversations designed to elicit an incriminating response from a suspect are the "functional equivalent" of interrogation. *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980); *United States v. Muldoon*, 10 M.J. 254 (C.M.A.1981) (informing suspect he had been implicated by someone else was "functional equivalent" of interrogation); *United States v. Dowell*, 10 M.J. 36 (CMA 1980) (commander's visit of accused in pretrial confinement to inform him of new charges held to be "functional equivalent" of interrogation); *United States v. Carter*, 13 M.J. 886 (A.C.M.R. 1982) (commander's visit with accused in pretrial confinement to discuss basis of his

confinement was "functional equivalent" of interrogation).

■ On the other hand, statements that are spontaneous or given freely and voluntarily, without any compulsion or action by one in authority, are not considered to be the product of interrogation. Such statements are not subject to the exclusionary rule. *Miranda*, 384 U.S. at 478, 86 S.Ct. at 1630; *United States v. Miller*, 7 M.J. 90 (C.M.A.1979). Appellant's inculpatory statement falls within this category of statements. It was uttered spontaneously and voluntarily, without any prompting or encouragement. The first sergeant's willingness to listen to appellant cannot by any stretch of the imagination be characterized as a pretext for eliciting an incriminating response from appellant. While this Court will not tolerate efforts to finesse safeguards against unlawful interrogation techniques, no such efforts are involved in this case. Appellant initiated the conversation with his first sergeant. Although the first sergeant cleared the room, this action merely gave appellant the opportunity to speak; it did not induce the speech. Under these circumstances, we find that no interrogation of appellant had occurred when he made his first statement; consequently, the statement at issue was admissible at trial.

The first sergeant's knowledge that appellant was represented by counsel does not alter our conclusion. Military Rule of Evidence 305(e) provides:

> When a person subject to the Uniform Code of Military Justice who is required to give warnings under [Article 31] intends to question ... [a] person suspected of an offense and knows or reasonably should know that counsel either has been appointed for or retained by the ... suspect with respect to that offense, the counsel must be notified of the intended interrogation and given a reasonable time in which to attend before the interrogation may proceed.

Paragraph (a) of Rule 305 classifies any statement obtained in violation of paragraph (e) as involuntary. Appellant asserts that his first statement was inadmissible under this rule since the first sergeant failed to contact appellant's attorney and afford him a reasonable opportunity to be present before allowing appellant to speak. We find no merit to this argument.

■ The requirements of Rule 305(e) are triggered when a person subject to the Uniform Code of Military Justice intends to interrogate a suspect. *See McOmber*, 1 M.J. at 383; Manual for Courts-Martial (MCM), United States, 1969 (Revised edition), App. 18, Rule 305, A–18–26 (Rule 305(e) is taken from *McOmber*). Considering the evidence of record, we find no basis for imputing such an intent to the first sergeant. Allowing appellant the opportunity to speak, after appellant clearly manifested his desire to do so, does not indicate the first sergeant contemplated questioning appellant about his offenses.

■ In any case, even if the first sergeant had contemplated ultimately questioning appellant, the obligation to notify appellant's counsel under Rule 305(e) only relates to that interrogation. The first sergeant was under no obligation to inform counsel that appellant seemed on the verge of making a voluntary and unsolicited statement. The underlying purpose of Rule 305(e) is to prevent Government interference with the relationship between a suspect and his counsel. *See McOmber*, 1 M.J. at 382–83; Manual, App. 18, Rule 305, A–18–26. No interference with that relationship occurs when the Government has not engaged in any conduct designed to elicit incriminating information from the suspect. *Cf. Brewer v. Williams*, 430 U.S. 387, 399, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424 (1977) (no infringement of Sixth Amendment right to counsel unless the Government, after formal proceedings have been initiated against the accused and in the absence of counsel, deliberately and designedly sets out to elicit incriminating information from the accused). Accordingly, Rule 305 provides no relief for appellant. The statement at issue was properly admitted at trial.

We also have considered the remaining assignments of error and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge SUTER and Judge WALC-ZAK concur.