## UNITED STATES

### v.

**Staff Sergeant Henry T. BUTLER, FR 226–80–3753, United States Air Force.**

**ACM 25417.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 22 March 1986.

Decided 18 Nov. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Charles E. Ambrose.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

This decision considers the effect of forcing an accused to appear before a military magistrate for a pretrial confinement hearing without his appointed defense counsel. The appellant's commander ordered him into pretrial confinement for three instances of disobeying an order, assault of an NCO, failing to go to his place of duty and possession of loaded weapons and drug paraphernalia. He spent the next 107 days in pretrial confinement.

The day after he was confined base officials prepared to conduct the pretrial confinement hearing required by R.C.M. 305. Although the accused was stationed at Shaw Air Force Base, South Carolina, his assigned military counsel was the area defense counsel at Charleston Air Force Base, South Carolina, an installation nearly 100 miles to the southeast. The staff judge advocate at Shaw telephoned the counsel, told him that the hearing was scheduled for that day, a Friday, and agreed that if a delay were needed the counsel should contact the staff judge advocate.

After conferring with his supervising attorney and the appellant, the counsel decided to request a delay. He had his area defense administrator contact the Shaw Staff Judge Advocate to request the delay. The staff judge advocate agreed to delay the hearing until the following Monday, and asked that the counsel bring a written delay request to the hearing. Later that same Friday morning the staff judge advocate called back and informed the area defense administrator that plans had changed and the hearing would proceed that very morning without counsel for the appellant. At the hearing the magistrate found that continued pretrial confinement was warranted.

In evaluating this situation, it is apparent that the priorities implied by R.C.M. 305 were turned around in this case. Before we discuss their impact, we will set out two provisions of the Rule which are pertinent.

Military counsel. If requested by the prisoner, military counsel shall be provided to the prisoner before the initial review under subsection (i) of this rule....

R.C.M. 305(f).

(A) Matters considered. The review under this subsection shall include a review of the memorandum submitted by the prisoner's commander under subsection (h)(2)(C) of this rule. Additional written matters may be considered, including any submitted by the accused. The prisoner, and the prisoner's counsel, if any, shall be allowed to appear before the reviewing officer and make a statement, if practicable. A representative of command may appear before the reviewing officer to make a statement.

R.C.M. 305(i)(3)(A).

At the hearing the appellant requested counsel. The military magistrate stated that because all but two "relevant witnesses" would be deploying on Monday and would be away from the base "for a period exceeding the 7 days permitted for delay", he was going to proceed with the hearing. The magistrate cited, as authority for his refusal to delay the hearing, AFR 111–1, *Military Justice Guide*, 1984, 3–24d(1) which states:

Unless a delay is granted in response to a written request by the prisoner or his or her counsel, the pretrial confinement review will be completed and the reviewing officer's decision reported within 72 hours after a prisoner is placed in pretrial confinement.

We recognize that neither the Manual nor the Air Force regulation makes attendance at the hearing by either the prisoner

or the counsel mandatory. However, in the Air Force, "the prisoner and the prisoner's counsel should be allowed to attend the review unless overriding circumstances or time constraints dictate otherwise." AFR 111–1, 3–24d(2).

What troubles us is that the only "overriding circumstances or time constraints" in this case appear to have been the imminent departure of several witnesses. Their pending absence was used to renege on a promise to delay the hearing for three days. R.C.M. 305 does not require witnesses to be present at the pretrial confinement hearing, but does indicate that the prisoner should be allowed to appear before the magistrate. R.C.M. 305(i)(3)(A). The circumstances of the offenses could be adequately explained in the required commander's memorandum and statements, if any, from witnesses. The pretrial confinement hearing required by R.C.M. 305 is neither a court-martial nor a pretrial hearing under Article 32, U.C.M.J. All persons involved with these hearings should resist adding the trappings of these more formal procedures, such as appearances by a large number of witnesses, to this relatively simple hearing.

■ Speaking in general terms about all pretrial confinement hearings the Court of Military Appeals has stated that at the initial pretrial confinement hearing "[b]ecause of its limited function and *non-adversary character*, the probable cause determination is not a 'critical stage' in the prosecution that would require appointed counsel." *United States v. Malia*, 6 M.J. 65 (C.M.A.1978) (emphasis added). However, the court in *Malia* reached a different conclusion where counsel had been appointed prior to the hearing. They stated, "Nevertheless, minimum standards of fairness in the military justice system dictate that after counsel has been appointed to represent the accused, any consideration that can change the status of the accused necessarily be characterized as adversary." *Malia*, at 68. A pretrial confinement hearing is obviously a "consideration that can change the status of the accused". As

such, where counsel has been appointed, counsel should be present unless his or her presence has been waived. In an analogous situation, the court said, "Once counsel has entered the case, he is in charge of the proceedings and all dealings with the accused should be through him". *United States v. Johnson*, 20 U.S.C.M.A. 320, 43 C.M.R. 160 (1971) (failure to notify appointed counsel during pretrial investigations). *See also United States v. McOmber*, 1 M.J. 380 (C.M.A.1976) (failure to notify appointed counsel during pretrial investigation) and *ABA Standards, Providing Defense Services*, sections 4.2, 5.1 (1968) (counsel should be provided in all proceedings which are adversary in nature arising from initiation of criminal action (section 4.2) and counsel should be provided when an accused appears before a committing magistrate (section 5.1)).

■ Apart from the problems of denying counsel at the initial hearing is the subsequent refusal of the magistrate to reopen the hearing. In a letter dated 12 days after the initial hearing, the area defense counsel requested that the magistrate reconsider his decision to continue the appellant in pretrial confinement. This request for reconsideration was proper and should have been granted. *United States v. Malia*, 6 M.J. 65 (C.M.A.1978); *ABA Standards, Pretrial Release*, 5.9 (1968).

Rather than reopen the hearing and allow the appellant to present matters with benefit of counsel, the magistrate denied the request in classic "Catch–22" style. He stated:

> Your request for reconsideration is based on the alleged denial of SSgt Butler's right to counsel at the pretrial confinement hearing held on 6 Dec 85. Since the absence of military counsel was considered before the pre-trial confinement hearing started, and was also discussed in my memorandum to the convening authority, there is no new significant information to be considered at this time. Therefore, your request for reconsideration is hereby denied.

The capricious attitude revealed by this passage causes us to question whether the author possesses the proper temperament to serve as a pretrial confinement hearing magistrate. Implicit in his remarks is a declaration that the only purpose to be served by having the attorney present would be to inform the convening authority that no counsel was present at the initial hearing. Of course, this is far from the only function a rehearing would serve. Primarily, the rehearing would be important because it would provide an opportunity for the appellant, with the aid of counsel, to articulate his thoughts to the hearing officer. This is nothing more than the opportunity which should have been provided at the first hearing.

At trial the defense moved for appropriate relief in the form of credit for the pretrial confinement, and argued that it had been illegal because of the denial of counsel. The defense made no mention of the request for a rehearing. The military judge ruled that the magistrate was within his discretion in holding the hearing without counsel and in refusing to delay the hearing until counsel could be present. In the circumstances of the present case the hearing should have been delayed. Since it was not, and the subsequent request for a rehearing with the attorney present was denied, we hold that all the pretrial confinement was served in violation of R.C.M. 305.

The appellant was sentenced to a bad conduct discharge and reduction to airman basic. We are limited by R.C.M. 305(k) in fashioning a remedy for the appellant's illegal pretrial confinement. Credit for illegal pretrial confinement cannot be applied against either the discharge or the reduction. R.C.M. 305(k). Since the appellant did not receive any sentence component against which credit can be applied, we can provide no sentence relief. There is an administrative consequence of pretrial confinement, however, which would be inequitable not to reverse. *Cf. United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983) (holding that the rule concerning administrative credit for illegal pretrial confine-

ment announced in *United States v. Larner*, 1 M.J. 371 (C.M.A.1976) was not "framed in concrete" and that other remedies might be appropriate to other circumstances).

10 U.S.C. 972(3) provides that:

An enlisted member of an armed force who is confined for more than one day while awaiting trial and disposition of his case, and whose conviction has become final is liable, after his return to full duty, to serve for a period that, when added to the period that he served before his absence from duty, amounts to the term for which he was enlisted or inducted.

This provision can logically only apply to legal pretrial confinement. The requirement to serve out the time spent in pretrial confinement does not usually present a problem. As a result of the mandated sentence credit for illegal pretrial confinement, the adjudged confinement time is considered to have begun at the time the illegal pretrial confinement time began. The "bad time" associated with the illegal pretrial confinement, therefore, never has to be eliminated because it is subsumed in the "bad time" associated with the adjudged sentence to confinement.

There should be some relief available in the rare case not involving sentence components against which illegal pretrial confinement can be credited. Accordingly, we order that the convening authority take necessary action to credit the appellant with the time which was lost toward completion of his enlistment while he was in pretrial confinement.

We have read the entire record, the allegation of error, and the government's reply thereto. We are convinced that, other than the illegal pretrial confinement mentioned above, no error materially prejudicial to the substantial rights of the appellant was committed. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.