UNITED STATES

v.

**Airman First Class Jeffrey G. DUKE, FR 260–33–2816, United States Air Force.**

**ACM 25558.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 June 1986.

Decided 25 Nov. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

This is another case where a pretrial confinement hearing was not delayed until an accused's counsel could be present. The day before the pretrial confinement hearing was held, appellant's counsel, who was assigned as area defense counsel at Reese Air Force Base, Texas, nearly 300 miles away, was present at Holloman Air Force Base, New Mexico, to represent him at his Article 32, U.C.M.J., investigation. The next day the assistant trial counsel, a member of the Holloman staff judge advocate's office, contacted the defense counsel at Reese and mentioned, for the first time, that the hearing would be held in one hour. The defense counsel requested a delay so he could be present. The assistant trial counsel stated there was no requirement for a defense counsel to be present and that the hearing would go as scheduled.

At the hearing the appellant asked to talk to his attorney. The magistrate allowed him to make a telephone call to the defense counsel at Reese. At the beginning of that phone call the defense counsel spoke with the Holloman deputy staff judge advocate and renewed his request for a delay. He was informed that the appellant had no right to an attorney at the hearing, and that the hearing was going to proceed as scheduled. After the phone call was completed, the appellant asked to have another attorney appointed. His request was denied, apparently by members of the Holloman staff judge advocate's office.

After the hearing resumed, the deputy staff judge advocate informed the magistrate that the appellant did not have "a right to an attorney at the hearing". Although a delay had been requested from the Holloman staff, apparently no request for delay was made to the magistrate. The appellant had apparently concluded that further requests would be futile. We see no indication of waiver in his failure to make a request for counsel or delay to the magistrate.

As was mentioned earlier, an attorney had been appointed to represent the appellant sometime before the pretrial confinement hearing was held. He had represented the appellant at the Article 32, U.C.M.J., investigation which was held the day before the pretrial confinement hearing. For reasons explained in detail in *United States v. Butler*, 23 M.J. 702 (A.F.C.M.R. 1986), it was error, in this case, to conduct the hearing without the appellant's already appointed counsel being present or his presence being waived.

At trial the government placed heavy emphasis on the lack of written request for delay. *See* Air Force Regulation 111–1, *Military Justice Guide*, 3–24d(1). That is at best a weak argument. The defense counsel was notified of the hearing on the same morning it was to be conducted. He was 300 miles away. Perhaps he

could have transmitted a request electrically in time to be considered, but insistence on a written request unnecessarily elevates form over substance. This is particularly true in a case like this one where the absent defense counsel made repeated oral requests for delay in the hour that was available before the hearing began.

■ The appellant's counsel arrived at Holloman ten days after the pretrial confinement hearing. He met with the magistrate, requested reconsideration of the decision to confine, and presented the magistrate with new information. This opportunity to meet with the magistrate ends the portion of the pretrial confinement we consider illegal for reason of lack of counsel. *United States v. Malia,* 6 M.J. 65 (C.M.A. 1978) and *United States v. Butler,* 23 M.J. 702 (A.F.C.M.R.1986).

■ The military judge held 14 days of the total of 74 days of pretrial confinement to be illegal. The convening authority properly directed that the appellant be credited with 14 days confinement based on the judge's holding. We now direct that the appellant be credited with an additional 10 days credit, which is the time the appellant spent in pretrial confinement before his attorney was able to speak to the magistrate. Since there was no confinement time remaining at the time the credit was ordered by the convening authority, nor is there any confinement time remaining now, a total of 24 days credit should be applied to the adjudged forfeitures. R.C.M. 305(k).

We have read the entire record and, with the exception of the pretrial confinement discussed above, find that no error prejudicial to the substantial rights of the appellant was committed. The findings of guilty, and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.