UNITED STATES

v.

**Airman Anthony D. WARREN, FR 559–53–1338 United States Air Force.**

ACM 25807.

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Nov. 1986.

Decided 6 May 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Marc Van Nuys.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

This is an appeal from a conviction for possessing, using and distributing cocaine which resulted in an approved sentence extending to a dishonorable discharge, three years confinement, total forfeitures and reduction to airman basic.

In the principal assigned error the appellant contends the trial judge erred in denying a motion to suppress his confession because the interviewing investigators did not notify his counsel of the intended interrogation and give her a reasonable time in which to attend. *See* Mil.R.Evid. 305(e); *See also United States v. Lowry,* 2 M.J. 55 (C.M.A.1976) and *United States v. McOmber,* 1 M.J. 380 (C.M.A.1976).

There is no dispute on the facts surrounding this issue. On 16 December 1985, the appellant was offered nonjudicial punishment for marijuana abuse discovered as the result of a random urinalysis test conducted on 24 October. In early January 1986, he accepted this punishment after consulting with an attorney. He did not appeal. In February, administrative discharge proceedings were begun based on the 24 October urinalysis results, and he consulted the same attorney who advised him on the non-judicial punishment.

On 18 and 19 February, the appellant sold cocaine to an individual assisting law enforcement officials (Specifications 2 and 3 of the Charge). Later, on 3 March the appellant's vehicle was stopped and searched, pursuant to a proper authorization, as he entered the installation. Cocaine and marijuana were discovered in his car. Following the search of the appellant and his car, agents of the Office of Special Investigations (OSI) questioned the appellant. However, prior to this they gave him the Codal warning and advised him of his right to counsel. Subsequently, he provided statements detailing his marijuana and cocaine involvement while stationed at Vandenberg Air Force Base.

■ The attorney who represented the appellant in the earlier non-judicial punishment and administrative discharge proceedings was not contacted prior to the questioning. The agents were aware of the appellant's positive urinalysis and the action taken because of it, but believed that all punitive actions associated with the urinalysis had been completed.

Mil.R.Evid. 305(e) states:

\* \* \* \* \* \*

(e) NOTICE TO COUNSEL. When a person subject to the code who is required to give warnings ... intends to question [a] ... person suspected of an offense and knows or reasonably should know that counsel has been appointed for or retained by the ... suspect with respect to *that offense*, the counsel must be notified of the intended interrogation and given a reasonable time in which to attend before the interrogation may proceed. *Emphasis added.*

The rule requires that notice to counsel be given *only* when the interrogation concerns an offense for which counsel has been retained or appointed. The appellant seeks to expand the requirement to notify to include counsel for "related offenses" which he urges should include a prior non-judicial punishment and initiation of administrative discharge proceedings for drug abuse. He argues that the earlier non-judicial punishment, discharge proceedings and the later interrogation all concerned the same offense, i.e., drug abuse, under Article 112a of the Code, 10 U.S.C. § 912a. Therefore they were "related offenses" and his interrogation by the OSI agents should have been preceded by notice to his counsel.

■ We disagree. The offenses here are factually unconnected and unrelated in time, place and substance involved. The only link between the earlier misconduct and the latter is that both are punishable under the same Article of the Code. This is not a sufficient nexus. If offenses are otherwise unrelated, an investigator may interview an accused as to one offense without contacting the lawyer who represented him only as to the other offense. *United States v. Spencer,* 19 M.J. 184 (C.M.A.1985); *United States v. Littlejohn,* 5 M.J. 637 (A.F.C.M.R.1978), *aff'd* 7 M.J. 200 (C.M.A.1979). The motion to suppress the appellant's confession was properly denied.

The remaining claims of error are resolved adversely to the appellant. The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.