UNITED STATES

v.

**Airman Basic Reginald D. WILLIAMS, FR 559–55–0856, United States Air Force.**

**ACM S27576 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 21 May 1987.

Decided 29 Nov. 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi; Captain Laurence M. Soybel and Major G. Michael Lennon, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Jeffrey H. Curtis.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

MURDOCK, Judge:

This case has been returned to us by the United States Court of Military Appeals to consider the effect of *Arizona v. Roberson*, —— U.S. ——, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988). In *Roberson*, the Supreme Court held that the restrictions of *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378, (1981) applied to an interrogation conducted by the police concerning a matter unrelated to the offense for which Roberson had been jailed. Roberson had been arrested originally at the scene of a "just completed burglary". When the arresting officer gave him his *Miranda* warnings, Roberson said he "wanted a lawyer before answering any questions". Three days later, while Roberson was still in custody for this burglary, a police officer questioned him about an earlier burglary. The trial court suppressed the resulting statement. The Arizona courts and the United States Supreme Court upheld the suppression.

In the present case, the appellant was tried on 9 February 1987 by court-martial for assault. The charges for that case (Williams I) were preferred on 5 January 1987. Based on the assault and a subsequent theft of a camera and lens, the appellant was placed in pretrial confinement. A packet of marijuana was found on him as he was being placed in pretrial confinement. Additional charges were soon preferred for the theft and marijuana possession and they were tried along with the original charge in Williams I. The appellant's sentence in Williams I included six months confinement and no punitive discharge.

Unrelated to the offenses involved in Williams I, the appellant had already been identified to the Air Force Office of Special Investigations (AFOSI) by undercover sources as being involved in possession, use, and distribution of marijuana. Shortly before the trial in Williams I, the base commander, the staff judge advocate and

agents of the AFOSI met to discuss how to proceed. They decided to try the offenses in Williams I and let the undercover drug investigation continue.

After he was sentenced in Williams I, and while he was serving the adjudged sentence to confinement, the appellant was taken from the jail to the AFOSI office where he was read his rights about the drug offenses which had been revealed by the undercover investigation. He waived his right to have counsel present and agreed to talk to the investigators. He provided a written statement during this interview. Two days later, AFOSI agents went to the confinement facility to reinterview him. He was again read his Article 31, UCMJ, 10 U.S.C. § 831, rights and again he waived his right to counsel. He provided another written statement during this interview which revealed more details about his drug involvement and that of others. The motion to suppress under consideration here is based on these two written statements.

This case was tried, and reviewed initially by us, before the decision in *Roberson.* At trial, and on appeal, the appellant asserted that the statements had been obtained in violation of *United States v. McOmber,* 1 M.J. 380 (C.M.A.1976). The trial judge refused to suppress the statements, holding that because they concerned unrelated charges and the defense counsel in Williams I did not represent the appellant concerning the charges involved in the Williams II statements, there was no obligation to notify counsel. We agreed, citing *McOmber* and *United States v. Lowry,* 2 M.J. 55 (C.M.A.1976).

▮ Now we must apply the rule in *Roberson.* We begin our analysis with the premise that servicemembers are not entitled to have a defense counsel permanently assigned to them. Counsel is assigned on a case-by-case basis. The basic entitlement for defense counsel is found in Article 27, UCMJ, 10 U.S.C. § 827:

Trial counsel and defense counsel shall be detailed for each general and special court-martial.

This provision indicates to us Congress' intent to provide representation which is keyed to prosecutions, and not on an on-going basis.

The Military Rules of Evidence also indicate that counsel is appointed for individual cases. Military Rule of Evidence 305, Warnings about rights, states:

Notice to Counsel. When a person subject to the code who is required to give warnings under subdivision (c) intends to question an accused or person suspected of an offense and knows or reasonably should know that counsel either has been appointed for or retained by the accused or suspect *with respect to that offense,* the counsel must be notified of the intended interrogation and given reasonable time in which to attend before the interrogation may proceed.

Mil.R.Evid 305(e) (emphasis added).

▮ Air Force policy on formation of the attorney-client relationship is:

Not all contacts between counsel and a potential accused constitute an attorney-client relationship. An attorney-client relationship begins when the attorney becomes significantly involved as counsel in the same general matter for which the accused is facing charges.

Air Force Regulation 111–1, *Military Justice Guide,* para. 3–7f(1) (1 August 1984). This provision, like Article 27, UCMJ, indicates a practice of assigning military counsel only for the duration of the "general matter for which the accused is facing charges". Therefore, when the general matter authorizing assignment of counsel has been completed, the attorney-client relationship is over. The Air Force practice of assigning defense duties to particular, identified judge advocates thereby creating a relatively permanent defense counsel office at each base does not mean that all servicemembers have an attorney-client relationship with those judge advocates. That relationship only develops when the provisions of Article 27, UCMJ, and AFR 111–1 authorize it.

▮ When significant time has elapsed since the authorized attorney-client relationship ended, it is not difficult to hold

that neither *Edwards* nor *Roberson* requires notice to the past attorney before talking to a servicemember about a new offense. It is more difficult when, as in this case, the two situations calling for police interviews overlap.

In *Roberson* the offenses were the same, they were committed within days of each other, and Roberson was still in pretrial confinement awaiting trial on the first offense. These circumstances led the Supreme Court to uphold the suppression of the statements made concerning the overlapping second offense. In the present case the first trial was completed on 9 February 1987. The statements being challenged were taken nearly two months later, on 6 and 8 April 1987, when the appellant was serving his sentence to confinement (Williams I). As a practical matter Williams I was over by that time. Because Williams I was a special court-martial which did not adjudge a punitive discharge, the appeal routes were limited. Article 69, UCMJ, 10 U.S.C.A. § 869. Any need to protect the appellant from making unwarned or uncounselled statements about the offenses of Williams I was over. Similarly, the need for any continuing representation for the appellate process was also at an end.

We hold that the attorney-client relationship was over, and had ended before the AFOSI began questioning the appellant in April. The appellant was represented by different counsel in each case, but our holding would be the same even if the same counsel had represented him in both cases. The charges in Williams II were not preferred until 14 April 1987. Until an attorney was appointed to assist him with the charges in Williams II, the appellant was free to waive his right to counsel. During this time, the AFOSI was correct in interviewing him after advisement of his rights to silence and counsel, but without notifying the defense counsel in Williams I. *See United States v. Warren*, 24 M.J. 656 (A.F. C.M.R.1987) (pre-*Roberson* case in which same result was reached).

Having reconsidered this case in the light of *Arizona v. Roberson*, we remain convinced that the trial judge was correct in refusing to suppress the statements made to the AFOSI. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.