**843**

**UNITED STATES, Appellee,**

v.

**Private E1 Curtis L. SIMS, 587–06–2948,
United States Army, Appellant.**

**ACMR 8801368.**

U.S. Army Court of Military Review.

30 Nov. 1989.

For appellant: Captain Brian D. Bailey, JAGC, Captain Paula C. Juba, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Jonathan F. Potter, JAGC (on brief).

Before KANE, GILLEY, and NEURAUTER, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to his pleas, a general court-martial convicted the appellant of willful disobedience of a noncommissioned officer, larceny from barracks rooms (two specifications), and housebreaking into barracks rooms (three specifications), in violation of Articles 91, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 921, and 930 (1982) [hereinafter UCMJ]. The convening authority approved the sentence of a bad-conduct discharge, confinement for six months, and forfeiture of $250.00 pay per month for six months.

The appellant assigns as error two rulings of the military judge regarding the appellant's incriminating pretrial statement: first, that his statement to police investigators was admissible and second, that the investigators had no reason to know that the appellant was then represented by counsel. We find no error.

The housebreakings and larcenies occurred on 16 October 1987. At that time, the appellant was pending a general court-martial for an unrelated larceny from the mail. On 20 October 1987, the date scheduled for that trial, the appellant suffered a gunshot wound to his leg. A military criminal investigator interviewed the appellant about that shooting. The investigator did not know the appellant was represented by a lawyer regarding the shooting and did not consider the appellant a suspect for the larcenies at issue in this case. The appellant said he did not want to say anything until his lawyer was apprised of the situa-

tion. Consequently, the investigator discontinued the interview.

During the next two months after his conviction, the appellant asked twice to speak with the investigator about unidentified offenses. On those occasions, the police investigator referred the appellant to his attorney. The appellant told the investigator that he did not need or want his attorney.

Shortly thereafter, the appellant asked to speak to a police agent about the housebreakings and larcenies and also informed the investigators that he would sign the rights waiver form only if a deal were made. He orally agreed to waive his rights, but did not sign the form. Appellant stated that he would provide helpful information on the housebreakings and larcenies only if he would be released from post-trial confinement, reassigned, and not receive additional confinement. The police agents responded that they could not make such a deal, but would relay that request to the prosecutor. To make that request meaningful, the police agents stated that they would need some information to show the prosecutor that a deal was worthwhile. The appellant then told the agents that he had sold a television set for $70.00 to a Specialist Four Milby. They recovered the television set from Milby. One agent asked the appellant if he knew that the television was stolen. Appellant responded affirmatively.

█ All the incriminating admissions were admitted properly. Generally, a suspect's otherwise voluntary statements made to police agents after he requests counsel are admissible only when the suspect himself initiates further "communication exchanges, or conversation" with the police agents. *Edwards v. Arizona*, 451 U.S. 477, 485–86, 101 S.Ct. 1880, 1885–86, 68 L.Ed.2d 378 (1981). Concomitantly, this rule applies when the suspect had already consulted counsel before he initiated further contact with investigators of the police agency. For otherwise unrelated offenses before 1988, an investigator could interview a suspect about one offense without contacting the attorney who was represent-

ing him on another offense. *See United States v. Spencer*, 19 M.J. 184, 186 (C.M.A. 1985). *See also United States v. Sutherland*, 16 M.J. 338, 340 (C.M.A.1983). After *Arizona v. Roberson*, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988), the police may not initiate an interview about a separate offense after the accused has asked for counsel regarding any offense which is still pending disposition. *See United States v. Williams*, 27 M.J. 758, 760 (A.F.C.M.R.1988).

█ Well before the interview in question here, the appellant's counsel for his first court-martial told him that he was a suspect for the housebreakings and larcenies. There is no indication that the police agents knew that the defense counsel had so informed the appellant or that an attorney-client relationship existed beyond trial and post-trial duties on the court-martial for larceny from the mail. This information only reinforces the conclusion that the appellant voluntarily sought out the police agent and knew that he was vulnerable to incriminating himself on these offenses about which he was specifically warned and waived his rights. That waiver of his rights was sufficient. *See* Manual for Courts–Martial, United States, 1984, Rule of Evidence 305(g) (written waiver not required); *cf. Connecticut v. Barrett*, 479 U.S. 523, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987) (right to counsel not invoked when accused agrees to talk but not sign anything without counsel).

Even though the police agent acted much like the wolf who offered to take a man across the river on the wolf's back, the incriminating statements that followed occurred after the appellant sought out the police to talk about these offenses and made an informed waiver of his rights to silence and counsel regarding them. That waiver cleared the way for the police agents to elicit statements from the appellant by this lawful inducement as well as by direct questions.

We note that evidence of guilt was overwhelming here even without the admissions of the appellant. *See Milton v. Wainwright*, 407 U.S. 371, 377–378, 92 S.Ct.

2174, 2177–78, 33 L.Ed.2d 1 (1972); *United States v. Remai,* 19 M.J. 229 (C.M.A.1985).

We have considered the issues raised personally by the appellant and they are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge KANE and Judge NEURAUTER concur.