**UNITED STATES, Appellee,**

v.

**Sergeant James R. SAGER,
430–33–3567, United States
Army, Appellant.**

**ACMR 8801566.**

U.S. Army Court of Military Review.

24 May 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Cynthia J. Rapp, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before FOREMAN, HAESSIG, and VARO, Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

VARO, Judge:

On 30 March 1990, this court affirmed the findings of guilty and the sentence of the appellant's general court-martial. *United States v. Sager*, 30 M.J. 777 (A.C. M.R.1990). On 23 August 1990, the Court of Military Appeals granted review on the following issue raised by appellate defense counsel:

> Whether the military judge erroneously denied appellant's motion to suppress the statements of 9, 10, and 11 November 1987, taken in violation of Article 31 and the Constitution.[1]

The granted issue was the central focus of both the appellant's original brief before this court and our original opinion in which we found it to lack merit. *Sager*, 30 M.J. at 781–785. On 26 December 1990, however, the Court of Military Appeals set aside the original decision of this court and remanded the case for further review. In its remand order, the Court of Military Appeals noted that the United States Supreme Court decision in *Minnick v. Mississippi*, —— U.S. ——, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990), may directly affect the outcome of the appeal and that "it is appropriate that the Court of Military Review consider the effect of *Minnick* on this case." *United States v. Sager*, 32 M.J. 244 (C.M.A.1990). Supplemental briefs were filed by both government and defense appellate counsel.

The appellant again asserts that his retaining of Attorney Rapp to represent him in Manhattan, Kansas, on what were at the

---

1. *United States v. Sager*, 32 M.J. 7 (C.M.A.1990)    (Journal entry).

time unrelated charges, is tantamount to his invoking his rights under the Fifth Amendment and Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831, and essentially resulted in a denial of his right to counsel under the Sixth Amendment. We again find no support for this assertion.

In our original opinion we made the following findings of fact:

a. The appellant was properly advised of his rights to remain silent and to have assistance of counsel on all occasions that he was questioned by Riley County authorities. *Sager,* 30 M.J. at 782.

b. The appellant did not invoke his right to counsel during any of the Riley County interviews. *Sager,* 30 M.J. at 784.

c. The appellant's attorney-client relationship with Attorney Rapp began on 10 September 1987 after the appellant's mother retained Attorney Rapp to represent the appellant on the Manhattan incidents. The attorney-client relationship did not evolve from any invocation of rights by the appellant to civil or military authorities. *Sager,* 30 M.J. at 779, 784.

d. The appellant was fully advised of and waived his rights each time that he was questioned by the Criminal Investigation Command (CID) during the period 8–11 November 1987. The post-polygraph examination interview on 11 November was not unwarned as it was a continuation of the prior warned interview that evening and the appellant was asked and stated that he still understood his rights as read to him earlier in the evening. *Sager,* 30 M.J. at 782.

e. During the period 8–11 November 1987, the CID did not question the appellant on the Manhattan incidents. The appellant mentioned them and was told that they were matters under civilian jurisdiction. The questioning of the ap-

pellant during this period dealt solely with the 8 November 1987 allegations against the appellant regarding alleged sexual assaults committed by the appellant at Fort Riley, Kansas. These assaults were committed upon different children than those involved in the Manhattan incidents. *Sager,* 30 M.J. at 783.

f. The appellant never invoked his right to remain silent or to seek the assistance of counsel at any time between his first meeting with Riley County officials on 1 August 1987 and his rendering of the last statement at issue on 11 November 1987. *Sager,* 30 M.J. at 783–784.

g. The military did not assume active jurisdiction over the Manhattan incidents until 16 November 1987. *Sager,* 30 M.J. at 783.

h. The appellant first requested assistance of counsel to CID on 20 November 1987 at which time the interview terminated and military counsel was provided.[2] *Sager,* 30 M.J. at 781, 783.

Our further review of the record of trial confirms these findings of fact.

■ In *Minnick v. Mississippi,* the Supreme Court determined that an accused's Fifth Amendment protections were violated when officials reinitiated interrogation without counsel present after the accused had requested and consulted with counsel. In our opinion, *Minnick* has no impact on the case at bar because the appellant herein never requested counsel.

Furthermore, the appellant's reliance on *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), *reh'g denied,* 452 U.S. 973, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981) and *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988) is misplaced. As in *Minnick,* the Supreme Court in both these

---

2. We note that at the time of the 20 November 1987 interview military authorities, and particularly CID personnel, were on notice that Attorney Rapp was representing the appellant on both the Manhattan incidents and the military charges. Therefore, the 20 November interview should never have been started without prior notice to Attorney Rapp pursuant to Manual for Courts-Martial, United States, 1984, Military

Rule of Evidence 305(e). We further note however that the 20 November 1987 interview was not at issue at trial nor is it at issue before this court. No information was gained from the interview as it was terminated immediately after it began. We find this error to have had no impact on the admissibility of the appellant's statements of 8–9 and 10–11 November and to have caused no prejudice to the appellant's case.

cases dealt with the issue of law enforcement's reinitiation of the interrogation process after an accused has requested counsel. As noted in our original opinion, "even applying *Roberson* very broadly and across lines of sovereignty, the absence of a specific invocation of rights leads us to conclude that the interrogations by the CID in November on unrelated charges did not violate the appellant's fifth or sixth amendment rights." *Sager*, 30 M.J. at 784. We now reach the same conclusion based on *Edwards, Roberson* and *Minnick*, and without reliance on *United States v. Jordan*, 29 M.J. 177 (C.M.A.1989), *vacated, Jordan v. United States*, — U.S. —, 111 S.Ct 575, 112 L.Ed.2d 580 (1990), which merely further supported our position.

 Our original determination of the appellant's assertion of ineffective pretrial assistance of counsel also rested in part on the Court of Military Appeals determination in *Jordan*. We have again reviewed this issue particularly in light of *United States v. King*, 30 M.J. 59 (C.M.A.1990). In that case the refusal to provide military counsel in Germany to a soldier who had invoked his rights to counsel, but who would be court-martialed in the continental United States, was determined to be ineffective pretrial assistance of counsel. The facts in the case at bar are distinct from *King* not only on the question of invocation of rights but primarily because the accused in *King* was denied effective assistance of counsel for pending military charges. In the case before us, the appellant was facing no military charges at the time he sought assistance from the Trial Defense Service in August, 1987. As noted above, the Manhattan incidents were being handled solely through the civilian criminal court system and did not become a matter of military interest until 16 November 1987. Because the record of trial reveals no military charges or active investigation which would have entitled the appellant to the assistance of military counsel in August 1987, we again hold that the appellant was not denied effective pretrial assistance of counsel.

Finally, we reiterate the fact that when the appellant was questioned by CID during the period 8–11 November 1987, he was not facing military charges for any of the offenses in Manhattan, Kansas. The military did not assume jurisdiction for these offenses from Riley County until after 16 November 1987. Therefore, we again hold that the CID interviews on 8–9 and 10–11 November did not require notice to Attorney Rapp under Military Rule of Evidence 305(e). *Sager*, 30 M.J. at 784–85.

Those portions of our original opinion which rested in part on *United States v. Jordan* have been distinguished and discussed above. We hereby adopt all other portions of our original opinion in this case, and again affirm the findings of guilty and the sentence.

Senior Judge FOREMAN and Judge HAESSIG concur.

**UNITED STATES, Appellee,**