UNITED STATES

v.

**Airman Basic Robert John ROPPOLO,**
FR438–53–9640 United States Air
Force.

**ACM S28386.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 June 1990.

Decided 27 Feb. 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Major Ronald G. Morgan, and Major Paul M. Dankovich.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, and Captain David G. Nix.

Before HODGSON, McLAUTHLIN and JAMES, Appellate Military Judges.

OPINION OF THE COURT

HODGSON, Senior Judge:

This is an appeal from a larceny conviction which resulted in an approved sentence consisting of a bad-conduct discharge, 4 months confinement, and forfeiture of $482 pay per month for 4 months.

In the principal assigned error, the appellant argues the trial judge erred in denying a motion to suppress his confession because the interviewing investigator did not notify his counsel of the intended questioning. He claims that since a lawyer was detailed for him when an earlier nonjudicial punishment was imposed for a similar theft, he could not be questioned later about related larcenies without his lawyer being present. *See* Mil.R.Evid. 305(e); *United States v. Fassler,* 29 M.J. 193 (C.M.A.1989); *United States v. Jordan,* 29 M.J. 177, 191 (C.M.A.1989) (Everett, C.J., dissenting); *United States v. Lowry,* 2 M.J. 55 (C.M.A.1976); *United States v. McOmber,* 1 M.J. 380 (C.M.A.1976).

There is no dispute as to the facts surrounding this issue. On 29 April 1990 the appellant was seen shoplifting toiletries from the Base Exchange. As a result he was offered nonjudicial punishment for this offense on 4 May. After consulting with an attorney who was made available for him, he accepted the nonjudicial punishment procedure on 7 May. He did not appeal the resulting punishment.

On 10 May the appellant was questioned by a security police investigator about two car stereos he had returned to the Base Exchange in February 1990 for refund. After being given the proper warnings and refusing counsel, the appellant gave a statement maintaining his innocence. Subsequently, on 14 May, the appellant was again questioned. Once more he declined counsel, and despite evidence to the contrary, insisted he had purchased the car stereos.

A week later, 21 May, after the proper warnings, the appellant admitted stealing the car stereos from the Base Exchange shelves and turning them in to Customer Service for a cash refund.

In his special findings, the trial judge found that the attorney-client relationship between Captain Jacobson, the area defense counsel, and the appellant ended on 10 May. He concluded that Captain Jacobson had been appointed as the appellant's counsel for a specific purpose involving a specific offense. The evidence at the suppression motion hearing supports the conclusion that the appellant did not consider Jacobson to be his lawyer during the interviews of 10, 14 and 21 May. The appellant acknowledged he was told at the beginning of each interview he could have a lawyer but maintained he was afraid he would be "apprehended" if he told anyone about the investigation. He stated he was told "at the conclusions of the interviews that if [he] said anything to anyone about this investigation then [he] could be apprehended."

In *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988), the Supreme Court held that a suspect who requests the assistance of counsel during a police-initiated custodial interrogation may not be questioned further until counsel is made available. This is also the military rule. *Fassler,* 29 M.J. 193. *Minnick v. Mississippi,* 498 U.S. 146, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990), carried the *Roberson* rule a step further by holding that once a suspect requests counsel during a police-initiated custodial interrogation, no further interrogation may take place unless counsel is present. In his dissent, Justice Scalia pointed out that the majority appeared to have created "a perpetual unrebuttable presumption" that any later waiver of counsel would be invalid whether it is made "three months, or three years, or even three decades later." He also observed that the *Roberson* rule would apply "not merely to interrogations involving the original crime but to those involving other

subjects as well." *Minnick,* 111 S.Ct. at 496.

The third in this trilogy of decisions involving the right to counsel in a police-initiated custodial interrogation is *McNeil v. Wisconsin,* 500 U.S. ——, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). In *McNeil,* the accused was represented by a public defender during a bail hearing on an armed robbery charge. While in jail he was questioned by police concerning a murder. He waived his *Miranda*[1] rights and gave an incriminating statement which was admitted at trial.

Writing for the majority, Justice Scalia stated that an accused's invoking of his Sixth Amendment right to counsel during a *judicial proceeding* does not constitute an invocation of the right to counsel derived by *Miranda.* He concluded that the Sixth Amendment right to counsel is *offense specific,* unable to be carried over to separate prosecutions because it does not attach until a prosecution actually commences. Accordingly, McNeil's assertion of his Sixth Amendment right to counsel on the armed robbery charge did not invalidate his later waiver of that right during the questioning about the murder charge.

The central focus of the appellant's appeal on this issue is that the detailing of an attorney to represent him in a nonjudicial punishment proceeding on similar charges was tantamount to his invoking his rights under Article 31, UCMJ, 10 U.S.C. § 831, when he was later interviewed by a police investigator. This, he argues, resulted in a denial of his right to counsel under the Sixth Amendment. However, the record establishes that the appellant never invoked his right to remain silent or seek the assistance of counsel on any of the three occasions when he was questioned by law enforcement officials. In a similar situation, the Army Court of Military Review in *United States v. Sager,* 32 M.J. 968 (A.C.M.R.1991), found no violation of the accused's Fifth or Sixth Amendment rights in the absence of a specific invocation of rights in later questioning by criminal investigators. We note, further, that a *non*

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**822**

judicial punishment hearing under Article 15 is not a "judicial proceeding" but an "essential and proper means of maintaining good order and discipline [which] also promotes positive behavior changes in service members without the stigma of a court-martial conviction." MCM, Part V, paragraph 1c (1984). It is a disciplinary action unique to the armed services with no civilian equivalent.

Following Justice Scalia's reasoning in *McNeil v. Wisconsin* we conclude the trial judge properly admitted the appellant's 21 May 1990 statement acknowledging the theft of the car stereos. The nonjudicial punishment hearing where the appellant had counsel was not a "judicial proceeding," but an administrative disciplinary hearing from which an implied invocation of the right to counsel at some later questioning cannot be inferred. The nonjudicial punishment offense, while similar to the ones that were the subject of the criminal proceeding, was not the "specific offense" to which Justice Scalia concluded that a Sixth Amendment right to counsel would attach. As noted before, the appellant never unequivocally invoked his right to counsel. The appellant's request for assistance of an attorney before accepting nonjudicial punishment cannot reasonably be construed as a request for counsel at a later questioning. *See United States v. Warren*, 24 M.J. 656 (A.F.C.M.R.1987), *pet. denied*, 25 M.J. 238 (C.M.A.1987); *see also United States v. Williams*, 27 M.J. 758 (A.F.C.M.R.1988); *United States v. Sager*, *supra*.

The remaining assigned errors are resolved against the appellant. *United States v. Fairley*, 27 M.J. 582 (A.F.C.M.R. 1988); R.C.M. 1106(d)(1). For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

Judge McLAUTHLIN concurs.

Judge JAMES did not participate.